The Alexander Presbyterian Church, Appellant, v. The Presbyterian Church, Corner Fifth Avenue and Nineteenth Street, New York City, Respondent.

Defendant, a religious corporation, organized under the general act. of 1813 (chap. 60, Laws of 1813), purchased a lot, which was conveyed to it, and erected buildings thereon for a mission church and school. The persons then attending service were, with defendant's consent, incorporated. Defendant thereafter leased to the new corporation (plaintiff)

the portion of the building used for a church, defendant still maintaining the mission school. Plaintiff's lease having expired, defendant refused to renew it. In an action brought to establish an interest in the property in plaintiff and to restrain defendant from using or interfering with plaintiff's use of the premises, *held,* that plaintiff had no title to or interest in the property, and could not recover. Also, *held,* that the act of 1850 (chap. 122, Laws of 1850), if applicable, did not aid plaintiff, as it did not divest defendant of its property, but gave authority to purchase and to hold.

To bring a case within the provision of said act (§ 4), authorizing a corporation organized under it to take into its possession and control real or personal estate, the property must have been given, granted or devised to it or to some person for *its* use.

(Argued February 14, 1876; decided February 22, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendant, entered upon a decision of the court at Special Term.

This action was brought by plaintiff to establish an alleged trust in its behalf in certain real estate, and to restrain defendant from the use and occupancy, and from interfering with plaintiff's use and occupancy.

The facts found by the court are substantially these: Plaintiff, a religious incorporation organized under the general law providing for the incorporation of religious societies, purchased certain lots in New York, which were conveyed to it in 1854, and erected a building thereon for the purpose of establishing and maintaining a mission church and school. The lots and buildings were paid for by contributions of members of defendant's society. A preacher was employed, and services and Sabbath school kept up by defendant until 1865, when the persons statedly attending service there were incorporated, with defendant's consent, the corporation being plaintiff herein; that plaintiff thereafter occupied a portion of the building under a lease from defendant at a nominal rent, defendant still continuing and maintaining the mission school. The members of plaintiff's church were, prior to its incorporation, members of defendant's church. The last lease

to plaintiff expired in 1872, prior to which time notice was given to plaintiff that the lease would not be renewed

*Ch. P. Shaw* for the appellant.    Plaintiff could maintain this action.    (Laws 1813, chap. 60, §§ 3, 4; Laws 1850, chap. 122, § 2; *Rector, etc.,* v. *Crawford,* 43 N. Y., 476.)    The title to the premises in question was vested in defendant as a trust for the use and benefit of plaintiff.    (*Gran* v. *The Prussia, etc.,* 36 N. Y., 161; 43 id., 476.)    Plaintiff was not estopped by the leases from defendant.    (*Jackson* v. *Spear,* 7 Wend., 401; *Childs* v. *Chappel,* 9 N. Y., 246; *Smith* v. *Babcock,* 36 id., 168.)

*S. P. Nash* for the respondent.    Money given to a religious society and paid over to its officers is not considered as establishing a trust which the courts of this State will enforce. (*Voorhies* v. *Presb. Ch.,* 17 Barb., 103 ; *Wheaton* v. *Gates,* 18 N. Y., 395; *Petty* v. *Tooker,* 21 id., 267; *Mad. Ave. B. Ch.* v. *Bap. Ch. in O. St.,* 46 id., 131, 135.)

*Per Curiam.*    The parties hereto are religious corporations, formed under the act " to provide for the incorporation of religious societies," passed April 3, 1813.    The plaintiff claims title to the property in question, under section 4 of that act, which provides that the trustees of every church, congregation or society, organized under the act are authorized " to take into their possession and custody all the temporalities belonging to such church, congregation or society, whether the same consist of real or personal estate, and whether the same shall have been given, granted or devised directly to such church, congregation or society, or to any other person for their use ; " and also, to receive, hold and enjoy all churches and estates " belonging to such church, congregation or society in whatsoever manner the same may have been acquired or in whose name soever the same may be held, as fully and amply as if the right or title thereto had originally been vested in the said trustees."

The difficulty with plaintiff's case is, that there are no facts upon which it can base its claim. To bring a case within that section the property must have been given or granted to the society, or for its use; and then, upon its incorporation, its trustees may take possession and control of it. Here, the funds with which the real estate was purchased, and the edifice erected, were contributed by the members of the defendant's congregation, for its use and benefit, before the congregation which subsequently organized, the plaintiff, had any existence. The funds were intended to be used by the defendant in establishing and maintaining a mission church and school; but there was no intention on the part of the donors that the property should vest in the persons connected with the mission church and school, or that they should in any way control it.

The act passed in 1850 (chap. 122) does not aid the plaintiff, even if it be assumed to be applicable to this case. Upon that assumption the defendant had authority under that act to purchase the site, build the church, and forever thereafter hold and manage the property. There is nothing in the act which in any way divests the defendant of its property. And the fact that defendant consented to plaintiff's incorporation can make no difference. Such consent did not divest it of the property and vest it in the plaintiff. It could consent upon such terms as it saw fit. It is clear that it did not intend to vest the property in the plaintiff, as it retained possession and control of a portion thereof, and simply permitted the plaintiff to use and occupy the balance under a lease.

We are, therefore, of opinion that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.